# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS A. NELSON, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-99

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

After Thomas A. Nelson, Jr., was convicted of various corruption offenses related to his position as mayor of New Roads, Louisiana, his convictions were affirmed on direct appeal. *United States v. Nelson*, 732 F.3d 504, 509–25 (5th Cir. 2013). On the other hand, his sentence was vacated because the district court incorrectly calculated the advisory sentencing range under the Sentencing Guidelines due to an inaccurate loss calculation. *Id.* at 520–25.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-30292

On remand for resentencing, the parties stipulated to an amount of loss, which resulted in a sentencing range of 151 to 188 months' imprisonment. The court varied downward, and sentenced Nelson to 120 months.

Nelson contends his sentence is procedurally unreasonable; he does not present a substantive-unreasonableness challenge. Along that line, although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).

But, as Nelson concedes, because he did not raise in district court the issue presented here, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Nelson must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of [the] proceedings". *Id.*

In seeking relief under plain-error review, Nelson asserts his sentence is procedurally flawed because, in applying the 18 U.S.C. § 3553(a) factors, the court failed to note his cooperation with authorities. Although the Government did not file a motion for a downward departure pursuant to Guideline § 5K1.1, Nelson avers the court committed the requisite clear-or-obvious error by failing to exercise its discretion to consider his substantial assistance. In that regard, he maintains *United States v. Robinson* compels an exercise of such discretion. *See* 741 F.3d 588, 599–602 (5th Cir. 2014).

In *Robinson*, our court held a district court has "discretion to consider evidence of cooperation under § 3553(a)" even if the Government does not file

a § 5K1.1 motion. *Id.* at 601. There, defendant produced evidence of his cooperation, but the district court wrongfully "concluded it did not have the authority" to consider such evidence. *Id.* Unlike *Robinson*, nothing in the record at hand indicates the district court declined to consider evidence of Nelson's cooperation based on an erroneous belief it lacked authority to do so. Accordingly, Nelson fails to establish the requisite clear-or-obvious error.

AFFIRMED.